UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS ARROYO, | ) | |
| | ) | |
| Petitioner, | ) | 14 C 7817 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CHRISTINE BRANNON, Warden, Danville | ) | |
| Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

Carlos Arroyo, a state prisoner, petitions for a writ of habeas corpus pursuant to 28

U.S.C. § 2254(d). Doc. 1. The Warden has moved to dismiss the petition, arguing that Arroyo

failed to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1).

Doc. 13. The Warden's motion is granted, and the petition is dismissed.

Arroyo was convicted in state court of first degree murder and sentenced to sixty years of

imprisonment. *People v. Arroyo*, 790 N.E.2d 943, 946 (Ill. App. 2003). The Appellate Court of

Illinois reversed the conviction and, on retrial, Arroyo was again convicted of first degree murder

and this time sentenced to fifty-four years of imprisonment. *Ibid.* (citing *People v. Arroyo*, No.

2-97-0158 (Ill. App. Dec. 15, 1998) (unpublished)). The appellate court again reversed and

remanded for a new trial, *People v. Arroyo*, 769 N.E.2d 503 (Ill. App. 2002), but the Supreme

Court of Illinois directed the appellate court to vacate its opinion and reconsider its judgment,

*People v. Arroyo*, 776 N.E.2d 234 (Ill. 2002). With the case before it a third time, the appellate

court affirmed. *Arroyo*, 790 N.E.2d at 943. On October 7, 2003, the state supreme court denied

Arroyo's petition for leave to appeal ("PLA"). *People v. Arroyo*, 803 N.E.2d 485 (Ill. 2003).

Arroyo did not petition the United States Supreme Court for a writ of certiorari. Doc. 1 at 2.

On April 2, 2004, Arroyo filed a post-conviction petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.* Doc. 15-2 at 1. The state trial court summarily dismissed the petition as frivolous. *People v. Arroyo*, No. 2-04-0776, slip op. at 2 (Ill. App. June 30, 2006) (unpublished) (Doc. 15-1 at 20). Arroyo appealed, seeking permission to file another post-conviction petition, and the appellate court dismissed the appeal on June 30, 2006. *Id.* at 1, 4 (Doc. 15-1 at 19, 22). Arroyo did not file a PLA by August 4, 2006, at which point his time to do so expired. *See* Ill. S. Ct. R. 315(b); Doc. 1 at 6; Doc. 13 at 2.

On January 17, 2007, Arroyo filed a second post-conviction petition. Doc. 15-2 at 2. The trial court granted Arroyo permission to file the petition, but dismissed it. *People v. Arroyo*, 2013 IL App (2d) 111182-U, at ¶¶ 9, 12 (May 8, 2013). The appellate court affirmed. *Id.* at ¶ 25. On September 25, 2013, the state supreme court denied Arroyo's PLA. *People v. Arroyo*, 996 N.E.2d 16 (Ill. 2013).

Arroyo filed his federal habeas petition one year later, on September 25, 2014. Doc. 1 at 17. 28 U.S.C. § 2244(d)(1) provides that a "1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Subject to the exceptions set forth in § 2244(d)(1)(B)-(D), § 2244(d)(1)(A) states that "[t]he limitation period shall run from … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012) ("AEDPA establishes a 1-year limitations period for state prisoners to file for federal habeas relief, which 'run[s] from the latest of' four specified dates.") (quoting § 2244(d)(1)) (brackets in original); *Socha v. Pollard*, 621 F.3d 667, 671 (7th Cir. 2010) ("That one-year period is typically measured from the date

when the state courts are finally finished with the case, although there are some exceptions to that rule ….").

As Arroyo did not petition for a writ of certiorari to the United States Supreme Court on direct review, his conviction became final on January 5, 2004, ninety days after the state supreme court denied his direct review PLA on October 7, 2003. *See* Sup. Ct. R. 13; *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012) (noting that a "state conviction be[comes] final … after the time expire[s] for filing a petition for writ of certiorari in the Supreme Court for direct review of the state court's judgment"). On April 2, 2004, 87 days later, Arroyo filed his first state post-conviction petition, which tolled the running of the limitations period while that post-conviction proceeding was pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Wall v. Kholi*, 562 U.S. 545, 549 (2011) (holding that "the 1-year limitation period is tolled during the pendency of" a properly filed application for state post-conviction relief). The running of the limitations period recommenced on August 4, 2006, when the time for Arroyo to file a post-conviction PLA expired without his having done so. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that § 2244(d)(2) tolling lasts "only while state courts review the application," and that "State review ends when the state courts have finally resolved an application for state postconviction relief"); *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (holding that when the prisoner does not seek discretionary review in the state supreme court of the denial of post-conviction relief, § 2244(d)(2) tolling lasts until the time for seeking such review expires).

On January 17, 2007, 165 days later, a new tolling period began when Arroyo filed his second post-conviction petition. The tolling continued until the state supreme court denied Arroyo's PLA on September 25, 2013. At that point, with 252 (87 plus 165) days already elapsed, Arroyo had 113 days, until January 16, 2014, to file his habeas petition. He instead took a full year to do so, filing on September 25, 2014. By that time, 617 days had elapsed under § 2244(d)(1)(A): 87 days between his conviction becoming final and his filing the first post-conviction petition; 165 days between the expiration of his opportunity to file a post-conviction PLA and his filing the second post-conviction petition; and 365 days between the state supreme court's denial of his PLA and his filing of this habeas petition. Arroyo's petition is therefore untimely under § 2244(d)(1)(A). Arroyo concedes this point. Doc. 19 at 2.

As noted above, it is possible that a habeas petition that is untimely under § 2244(d)(1)(A) could be timely under § 2244(d)(1)(B)-(D). *See* 28 U.S.C. § 2244(d)(1) (providing that the "limitations period shall run from the latest of" the dates set forth in § 2244(d)(1)(A)-(D)); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) (holding that § 2244(d)(1)(D), if applicable, grants a habeas petitioner a "fresh year"), *abrogated on other grounds*, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) ("three other statutory exceptions may delay accrual of this statute of limitations") (citing 28 U.S.C. § 2244(d)(1)(B), (C), (D)). It is Arroyo's burden to show that one of the exceptions in § 2244(d)(1)(B), (C), or (D) applies. *See Ray*, 700 F.3d at 1008 ("[I]f the [Warden] raises [a § 2244] statute of limitations defense, the petitioner must come forward with some evidence to support his claim that … 365 countable days have not elapsed from the time his state-court judgment became final to the time he filed his federal habeas petition."). But Arroyo has not argued, let alone shown, that the limitations period should be measured from

§ 2244(d)(1)(B), which applies when the prisoner is subject to an unconstitutional, state-created impediment to filing; § 2244(d)(1)(C), which applies where a newly recognized constitutional right is made retroactively applicable to cases on collateral review; or § 2244(d)(1)(D), which applies where the petitioner discovers a new factual predicate that could not have been discovered through the exercise of due diligence. Any such argument is therefore forfeited. *See Broadus v. Jones*, 390 F. App'x 804, 807 (10th Cir. 2010) (holding that the petitioner forfeited any argument that his habeas petition was timely under § 2244(d)(1)(B) and (D) by not raising the argument in the district court); *Ramey v. Akpore*, 2014 WL 201843, at *2 (N.D. Ill. Jan. 17, 2014) (same for § 2244(d)(1)(B), (C), and (D)).

Although Arroyo does not invoke the term, he in effect argues for equitable tolling of the limitations period. Equitable tolling is an "extraordinary remedy and so is rarely granted." *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (internal quotation marks omitted). In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held that a federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)) (internal quotation marks omitted); *see also Socha v. Boughton*, 763 F.3d 674, 683-84 (7th Cir. 2014).

In support of equitable tolling, Arroyo argues that the timely filing of his habeas petition was prevented by the absence of a law clerk at his prison; his limited knowledge of "how the legal system works and what remedies are available to him"; and institutional lockdowns of unspecified duration and frequency that prevented his accessing the law library. Doc. 19 at 2. These circumstances, considered individually or together, do not qualify as the "extraordinary circumstances" necessary to find equitable tolling.

As the Seventh Circuit recently held: "Lack of representation on its own is not sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training." *Socha*, 763 F.3d at 685; *see also Johnson v. Daley*, 339 F.3d 582, 590 (7th Cir. 2005) (noting that habeas petitioners not under a death sentence have no right to legal representation). Moreover, Arroyo nowhere argues that, let alone attempts to explain how, the absence of a law clerk prevented him from timely filing his petition within the limitations period as measured by § 2244(d)(1)(A). *See Socha*, 763 F.3d at 685 (holding that "[l]ack of legal knowledge, another feature shared by the overwhelming majority of prisoners," is not "by itself enough to justify equitable tolling"); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law … is not a circumstance that justifies equitable tolling."); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling.").

True enough, the Seventh Circuit has held that "the absence of library access may be an 'impediment in principle.'" *Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013) (applying § 2255(f)(2), which for federal prisoners is the functional equivalent of § 2244(d)(1)(B)). But *Estremera* cautions that this "is not necessarily to say that the lack of access was an impediment for a given prisoner," that "'[i]n principle' is a vital qualifier," and that "[i]f the petitioner … didn't need a law library during the year after his conviction became final, its unavailability (if it was unavailable) would not have been an impediment." *Ibid.* Arroyo does not attempt to explain how his being allowed only intermittent access to the law library, and how the lockdowns of unspecified length and frequency, prevented him from completing his petition in the nearly four months that elapsed between the denial of his post-conviction PLA and the expiration of the § 2244(d)(1) limitations period. *See Taylor*, 724 F.3d

at 812 ("When an inmate, despite roadblocks thrown in his way, has reasonable time remaining to file a habeas petition in a timely manner, the circumstances cannot, as a definitional matter, be said to have prevented timely filing."); *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("[T]he allegations supporting equitable tolling must be specific and not conclusory."); *Sandoval v. Jones*, 447 F. App'x 1, 4 (10th Cir. 2011) (holding that the petitioner did not satisfy his burden of demonstration exceptional circumstances where he provided "no detail as to the date of the alleged lockdown or its length, or how this might excuse the nearly eight-month delay in his habeas filing").  It follows that equitable tolling is not available to Arroyo.  There is no need to address whether Arroyo acted with diligence because he has failed to establish that extraordinary circumstances prevented his timely filing.

For these reasons, the Warden's motion to dismiss is granted and Arroyo's habeas petition is dismissed.  Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, because the untimeliness of Arroyo's petition is not debatable, a certificate of appealability is denied.  *See ibid*. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.").


July 28, 2015

_____
United States District Judge